# Deloach *v.* Walker and Wife.

Where the exclusion of testimony is assigned for error, the bill of exceptions must
show that the opinion of the court was excepted to at the time it was given.
The judgment of the circuit court, overruling a motion for a new trial, cannot be
assigned for error, unless a bill of exceptions was filed to the opinion.

IN ERROR from the circuit court of the county of Wilkinson.

, This was an action, brought by Walker and wife, on a promissory note for one hundred and ten dollars and ten cents, made by Deloach to Mary Walker before coverture. Pleas of the general issue and payment were filed. The first plea of payment was general; the second stated that the note sued on was made to Mrs. Walker *after* coverture, and that the same had been paid to Z. Walker before suit brought. No items of payment or offset were annexed to the pleas, and there was a general verdict for the plaintiffs for the amount of the note and interest. The defendant then moved for a new trial, on the single ground that the court had erred in ruling out the defendant's evidence offered at the trial in support of his pleas of payment. No exception, or bill of exception, was taken to the error at the time. After the motion for a new trial was overruled, as it appeared by the record, defendant tendered a bill of exceptions, intending to set forth all the evidence, and to bring his case within the provisions of the act authorizing an appeal from the decision of the court below on the motion for a new trial. This bill of exceptions stated that, before the jury retired, the plaintiffs offered in evidence the note sued on; that the defendant then offered the account filed with his plea, and which was set out at length but not filed with the plea, and which was for fifty-five dollars alleged to have been paid by Deloach as security for Walker to one Jones; that defendant then offered a witness to prove the offset, which proof was objected to

by plaintiffs and ruled out by the court.    The bill of exceptions
concludes, "to which opinion of the court, in ruling out said
proof, the defendant excepts, and prays, &c. which is done accord-
ingly."    This is signed by the judge, but without date.

GORDON & POSEY, for plaintiff in error, insisted that the judg-
ment of the court below ought to be reversed:

1.  Because the court below erred in ruling out the proof offered
by the plaintiff in error on the trial of this cause before the jury.

2.  Because the court below erred in refusing to allow the said
plaintiff in error to prove his account of set-off and payment filed
with his pleas.

3.  Because the court below erred in refusing to permit the said
plaintiff in error to prove, by the witness he produced at the trial,
his account of payment filed with his amended pleas in said suit.

BOYD for defendant.

1.  There was no bill of particulars filed with the pleas of pay-
ment, and of course no evidence could be permitted to go to the
jury to prove an offset, although, probably, a direct payment in
money, on the note sued on, might have been shown without vio-
lating the principle of the statute.

2.  There was no bill of exceptions taken and perfected, before
the jury retired from the court, to the opinion and decision of the
judge in ruling out the testimony.    The bill of exceptions con-
tained in the record was not taken till the motion for the new trial
was decided.    It recites, as before noticed, that, before the jury
retired, &c. the plaintiffs offered certain evidence, and the defend-
ant also offered his testimony; but, when you examine the excep-
tion itself, it is all in the present tense.    It is precisely within the
rule laid down by this court in 1 How. 572, and confirmed at the
present term.

3. ·The bill of exceptions is not good under the act in reference
to new trials, for it does not pretend to set out the whole of the
evidence, nor show that the substance of the evidence adduced on
the trial is embodied in it.    How. & Hutch. 493.    Unless it ap-
pears, from the bill of exceptions itself, that it contains all the tes-

timony, or the substance of it, the court cannot know whether the judge below decided correctly or not, and will therefore presume his decision is correct. The presumption is always in favor of the correctness of judicial proceedings until the contrary is positively and affirmatively shown. 4 How. 376; 1 How. 319.

4. The proof offered was not legal evidence in the cause. There was no proof that the note sued on was given to the wife after coverture, according to the averment of the plea. The debt, therefore, was one which would survive to the wife, in case she survived her husband. 5 Dane's Abridgment, chap. 168, art. 4, sec. 3, p. 460.

Clearly, then, the debt due from Z. Walker, the husband, was no offset in the case. It presents no question of mutual dealings, which is the basis of our law of offset. On all points, the decision of the court below was correct, and should be affirmed. 1 Chitty, 16; 1 How. 97.

*Per Curiam.*

The bill of exceptions, in this case, is too imperfect to warrant a reversal of the judgment, according to numerous decisions of this court. The objection to the judgment of the circuit court is, that evidence offered by the defendant was improperly rejected. It does not appear that the exception was saved at the time. A motion was made for a new trial, which was overruled. A bill of exceptions was then filed, not to the opinion of the court in refusing a new trial, but to the exclusion of the testimony. This was too late, unless the point had been reserved at the time, and the bill of exceptions afterwards signed *nunc pro tunc.*